(No. 24888.—

THE FATHER GORDON BUILDING AND LOAN ASSOCIATION, Appellant, *vs.* EDWARD J. BARRETT, Auditor of Public Accounts, Appellee.

*Opinion filed February 15, 1939.*

JACOB KOSBIE, S. CHARLES BUBACZ, and C. VICTOR CARDOSE, for appellant.

OTTO KERNER, Attorney General, (P. C. OTWELL, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant building and loan association filed in the circuit court of Sangamon county, against appellee, as Auditor of Public Accounts, a bill seeking to enjoin him and his agents from proceeding with the liquidation of appellant. On hearing, the temporary injunction theretofore entered was dissolved and the complaint dismissed. Appellant brings the cause here on the question of constitutionality of a certain provision in section 38 of the Mutual Building and Loan Association act of 1919, as amended in 1935. (Ill. Rev. Stat. 1937, chap. 32, par. 250, p. 852.) Appellant is regularly licensed and was doing business under a charter granted it by the Secretary of State on September 20, 1910. According to its complaint the appellee, Auditor of Public Accounts, on November 9, 1937, took charge of its books and, on January 26, 1938, served notice on its officers and directors that he had appointed a receiver for the purpose of liquidation, in accordance with applicable statutes, thereby suspending the authority of the officers and directors of the association. The complaint alleges that the capital was not so impaired, as defined in the Building and Loan Association act, as to authorize appellee to appoint a receiver; that the appellant was not being conducted in an illegal and unsafe manner; that the officers and directors did not violate any of the provisions of the Building and Loan Association act but that appellee, through his deputies and agents, arbitrarily, and without just cause, appointed said receiver. The complaint also alleges that sec-

tion 38 of the Building and Loan Association act is invalid in that it grants to the Auditor of Public Accounts arbitrary powers, without rules to govern the exercise thereof.

On hearing before the chancellor, it was shown that the realizable value of appellant's assets on the date of the appointment of the receiver was insufficient to pay, in full, its creditors, and return to the stockholders the dues paid on the shares issued to them, with interest thereon at the rate of two per cent per annum for the average time invested, as provided by statute. The evidence showed that while appellant's deficit, on September 30, 1936, was $55,438.22, such deficit, on December 7, 1937, amounted to but $6812.16.

The sole question, in the case here, is whether certain provisions of section 38 of the Building and Loan Association act, as amended, are invalid as a delegation of arbitrary power to the Auditor of Public Accounts, by vesting in him uncontrolled discretion as to whether he shall call a meeting of the stockholders of the association for reorganization or voluntary liquidation purposes, or shall appoint a receiver to liquidate it. Appellant argues that these provisions of that section violate article 3 and section 1 of article 4 of the constitution of this State, the former dividing the powers of government into legislative, executive and judicial departments, and the latter vesting legislative power in the General Assembly.

Section 38 of the Mutual Building and Loan Association act, as amended in 1935, (Ill. Rev. Stat. 1937, chap. 32, par. 250,) so far as affects the present inquiry, empowers the Auditor to take possession and control of the books, records and assets of such association for the purpose of examination and adjustment of its affairs on the existence of any one of several conditions: (1) If it appears that the capital of such association is impaired to such an extent that the realizable value of its assets is insufficient to pay its creditors and to return to the shareholders the dues paid on shares, with interest at two per cent per annum for the

average time invested, or (2) that the business of the association is being conducted in a fraudulent, illegal or unsafe manner, or (3) if the directors, officers or trustees have failed or refused to take such action as the Auditor may deem necessary for the protection of the interests of the shareholders, or have failed and refused to give bond as required by the provisions of the act, or (4) if the officers, directors or trustees failed or refused to institute and prosecute any action or do any act which the Auditor may deem necessary for the protection of the interests of the shareholders or *cestuis que trust* or for conserving or proper management of its assets. If, upon such examination and consideration of the conditions affecting the association, the Auditor shall find that the requirements as to giving bond have been complied with, and is of the opinion that the association will conduct its business in a legal, safe and impartial manner, and comply with the provisions of the act, he shall redeliver possession of the books and papers to the association. This section also provides: "If, however, the Auditor of Public Accounts, in his discretion, believes that it would not be for the best interests of the shareholders or *cestuis que trust* to redeliver possession of such books, records and assets, he shall either call a meeting of the shareholders or *cestuis que trust,* by giving notice in the manner as provided in section 31 of this act, for the purpose of permitting them to vote upon reorganization or liquidation or to elect trustees to act in the place and stead of the ones theretofore elected * * * or he shall forthwith appoint a receiver for the purpose of liquidation, and in which event shall require of said receiver such bond and security, as he, the Auditor, deems proper." This is the provision of the act under attack here. This section also provides that if, in response to a call of such meeting by the Auditor, the shareholders or *cestuis que trust* vote reorganization, and otherwise comply with the provisions of the act in relation to giving bond and the like, the Auditor

shall redeliver the books and records to the association, and in case they, at such meeting, refuse or fail·to reorganize or voluntarily liquidate, the Auditor shall forthwith appoint a receiver for the purpose of liquidating the association.

The questions here raised were considered and decided contrary to appellant's contention in the case of *People* v. *Logan County Building and Loan Ass'n,* 369 Ill. 518. In that case it was pointed out that under section 43 of the act the action of the Auditor in appointing a receiver may be reviewed by appropriate proceeding in court. In the case before us appellant has taken advantage of that section by seeking an injunction to restrain further proceedings by the Auditor. It does not appear from the record of this case that the action of the Auditor was in fact unreasonable and, as held in *People* v. *Logan County Building and Loan Ass'n, supra,* it cannot be held that the act giving, as it does, a right to judicial review of his proceeding, is invalid, as conferring unreasonable discretion on the Auditor.

The record in this case shows, as hereinbefore pointed out, that the realizable value of appellant's assets on the date of the appointment of the receiver was insufficient to pay in full its creditors and return to the stockholders the dues paid on the shares issued to them with interest at the rate of two per cent per annum for the average time invested, as provided for by the act. They were, therefore, subject to the action taken by the Auditor, and the circuit court did not err in dissolving the temporary injunction and dismissing the complaint.

The decree is affirmed.                          *Decree affirmed.*